IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY D. JOHNSON,

    Petitioner,                  No. CIV S-03-2496 RRB KJM P

    vs.

D.L. RUNNELS,                      FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

I. Background

        On September 6, 1991, petitioner was sentenced to a term of life with the possibility of parole for a violation of California Penal Code § 664/187 (attempted first-degree murder).  Petitioner's conviction was affirmed by the California Third District Court of Appeal, and review was denied by the California Supreme Court.  Resp't's Mot. to Dismiss (Mot.), Exs. A-D.  Subsequently, the California Supreme Court denied petitioner's request for a writ of habeas corpus.  In re Timothy Johnson, No. S116078, slip op. (Cal. S. Ct. Oct. 15, 2003) (lodged document).

/////

On November 18, 1994, petitioner filed an application for a writ of habeas corpus in this court, under 28 U.S.C. § 2254.  The thrust of petitioner's claim was that the appellate court erred in affirming the trial court's decision to exclude potentially exculpatory evidence.  See Johnson v. Kernan, Civ. No. S-94-1895 EJG GGH P (E.D. Cal.).  On October 15, 1996, the district court denied petitioner's application.  Mot., Exs. G & H.

In July 2002, petitioner filed a "Motion for Clarification of Conviction" in Sacramento County Superior Court, alleging the prison was treating his conviction as one for first degree attempted murder, when in fact he had been convicted of aiding and abetting an attempted murder, and asking that the abstract of judgment be corrected.  Johnson v. County of Sacramento, No. 104529 (filed July 19, 2002) (lodged document).

In response, the Sacramento Superior Court ordered petitioner's abstract of judgment amended to reflect the fact that he was convicted of attempted murder, with a penalty provision because the attempt was deliberate and premeditated.  Johnson v. County of Sacramento, No. CR104529, slip op. (Sacramento Superior Ct. Nov. 1, 2002[1]) (lodged document); see People v. Bright, 12 Cal.4th 652 (1996) (holding attempted murder is not divided into degrees of attempted first or second-degree murder; rather if attempted murder is deliberate and premeditated, this is a penalty provision).  The amended abstract reflects a conviction for attempted murder.  Johnson v. County of Sacramento, No. CR104529, Amended Abstract of Judgment (Sacramento Superior Ct. Aug. 6, 2002) (lodged document).

Petitioner then filed an application for a writ of habeas corpus in Superior Court, requesting his abstract of judgment be modified a second time to reflect that he was convicted of aiding and abetting attempted murder in lieu of attempted murder.  Johnson v. County of Sacramento, No. 02F09853, Pet. for Writ of Habeas Corpus (Sacramento Superior Ct. Dec. 3,

---

[1] The November date is entered by hand next to the judge's signature on the order correcting the abstract; viewed in context, however, it appears the order may have been signed earlier.

2002) (lodged document).

The Superior Court denied petitioner's request, acknowledged the amendment that was previously ordered, and affirmed the proper description of petitioner's conviction as attempted murder. Johnson v. County of Sacramento, No. 02F09853, slip op. (Sacramento Superior Ct. Dec. 30, 2002) (lodged document). Petitioner subsequently filed a petition for a writ of habeas corpus in the California Court of Appeal, which denied it on March 20, 2003. Johnson v. Newland, No. C043365, slip op. (Cal. Ct. App. 3d Dist. Mar. 20, 2003) (lodged document). The California Supreme Court denied the writ petitioner then filed there, in a one line denial. In re Timothy D. Johnson, No. S116078, slip op. (Cal. S. Ct. Oct. 15, 2003) (lodged document).

The instant federal action followed on December 1, 2003.

On March 24, 2004, respondent filed a motion to dismiss, alleging the petition was (1) successive under 28 U.S.C. § 2244(b), and (2) filed outside the statute of limitations period contained in 28 U.S.C. § 2244(d)(1).

On November 19, 2004, this court recommended that the motion be denied; this recommendation was adopted by the district court on January 26, 2005.

II. Standards Under The AEDPA

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See Ramirez v. Castro,

365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[2]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

---

[2] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III.  Analysis

Petitioner is requesting the change be made to his abstract of judgment, to reflect a conviction for aiding and abetting attempted murder, because "[w]hen petitioner had his board of prison term hearing and institutional classification hearing.  The hearing officers place petitioner in the wrong crime category.  In doing, it cause petitioner to service more time and housed in a higher institutional level, which deny petitioner his due process and equal protection at his hearing and his institutional program."  Pet. at 5 (verbatim transcription).  Respondent argues there is no basis for petitioner's claim because aiding and abetting is a theory of culpability rather than a separate offense.

/////

       The last reasoned decision on this question was issued by the Superior Court on December 30, 2002:

> Petitioner seeks clarification of his sentence. He says that he was convicted of aiding and abetting attempted murder while his institutional file shows that he was convicted of first-degree attempted murder.
>
> Petitioner's underlying criminal file shows that he has previously raised this question with the court. On August 6, 2002, the abstract of judgment was corrected in petitioner's case to show that he was convicted of attempted murder. This is the correct description because a person who is convicted on the theory of aiding and abetting a crime is a principal, with the same sentence as the person who actually commits the crime. The most recent abstract is correct; no further correction is needed.

Johnson v. County of Sacramento, No. 02F09853, slip op. (Sacramento Superior Ct. Dec. 30, 2002) (lodged document).

       In Townsend v. Burke, 334 U.S. 736, 741 (1948) and United States v. Tucker, 404 U.S. 443, 447 (1972), the Supreme Court recognized that a sentence imposed on the basis of false or materially misleading information violated due process. A denial of parole based on false information also violates due process. Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991); see Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (claim that denial of parole was based on false information should be pursued in habeas, rather than civil rights action); but see Adams v. Agniel, 405 F.3d 643, 644 (8th Cir. 2005) (questioning whether inmate has a constitutional right to correct information in parole file).

       Petitioner does not dispute that he was convicted of aiding and abetting attempted murder or that the attempted murder was found to have been willful, deliberate and premeditated. As he noted in his opposition to the motion to dismiss, "petitioner is petitioning for his abstract of judgment to be modified to coincide with the element and statute which the jury utilized to convict petition[er]," which was aiding and abetting the attempted murder rather than simply attempted murder. Opp'n (docket no. 12) at 5.

/////

In People v. Lee, 31 Cal.4th 613, 616 (2003), the California Supreme Court considered the mental states required for one who aids and abets an attempted murder. The court recognized:

> [T]o be guilty of attempted murder as an aider and abettor, a person must give aid or encouragement with knowledge of the direct perpetrator's intent to kill and with the purpose of facilitating the direct perpetrator's accomplishment of the intended killing – which means that the person guilty of attempted murder as an aider and abettor must intend to kill. . . .
>
> . . . [T]he Legislature reasonably could have determined that an attempted murderer who is guilty as an aider and abettor, but who did not personally act with willfulness, deliberation, and premeditation, is sufficiently blameworthy to be punished with life imprisonment. Where, as in the present case, the natural-and-probable-consequences doctrine does not apply, such an attempted murderer necessarily acts willfully, that is with intent to kill. In addition, he or she also necessarily acts with a mental state at least approaching deliberation and premeditation–concepts that entail careful thought and weighing of considerations and preexisting reflection as opposed to mere unconsidered or rash impulse hastily executed –because he or she necessarily acts with knowledge of the direct perpetrator's intent to kill and with a purpose of facilitating the direct perpetrator's accomplishment of the intended killing. Punishing such an attempted murderer with life imprisonment would not run counter to section 664(a)'s purpose of making the punishment proportionate to the crime.

Id. at 624 (citations, quotations omitted). Under California law, then, the abstract of judgment is neither false or misleading: whether he was a direct perpetrator or an aider and abettor of attempted murder, petitioner's term of life imprisonment[3] is the same and is deemed proportionate to the crime. Petitioner has presented nothing demonstrating that the categorization of the crime on the amended abstract of judgment, rather than the facts of the offense, are the cause of the denial of parole.

In his traverse, petitioner attacks the Board of Prison Terms' reliance on the underlying facts of the offense, facts he claims were not proven or have been misinterpreted. His

---

[3] Petitioner claims his sentence is really seven years. Traverse at 13. Under California Penal Code § 3046, the minimum term is seven years, the maximum term is life.

new arguments shift the focus of the claim from the abstract of judgment to the evidence underlying the parole board's decision, a claim that does not appear to be exhausted or perhaps even timely. "A Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). The court declines to exercise its discretion to consider these arguments.

IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2007.

_____
U.S. MAGISTRATE JUDGE

2

john2496.157